## H F REALTY CO v BROWN et

Ohio Appeals, 9th Dist, Lorain Co

No 649.   Decided May 19, 1933

H. W. Ingersoll, Elyria, and Deutsch & Dilgren, Elyria, for plaintiff.

Fauver & Fauver, Elyria, for defendants, Ernest A. Brown and Alvena A. Brown.

H. J. Williams, Cleveland, for defendant, The County Savings & Loan Co.

Meyer Gordon, Lorain, for defendant, E. O. S. Brown.

## OPINION

By STEVENS, J.

It will be noted that the restriction in question is not a part of restrictions contained in a recorded plat of said allotment, nor is there anything in the deed which binds the plantiff to place like restrictions in the deeds of lots subsequently sold, thereby, in either case, creating a general plan of subdivision; but plaintiff claims it agreed to place like restrictions in the deeds of all purchasers of lots in said allotment. Only one other lot has been sold on said street, and but three lots have been sold in the entire allotment. In that situation, no one but the plaintiff company, through its duly authorized agents, would be in a position to waive the restrictions imposed upon said lots, and under the circumstances shown by the record, the plaintiff alone could enforce the restriction in question.

H. W. Ingersoll appears from the record to be the president and treasurer of plaintiff company, and also its managing officer. Officially, Mr. Ingersoll occupies a position where he would have authority to waive restrictions contained in the deeds of purchasers of lots in said allotment.

The testimony, as disclosed by the transcript of the evidence, tends to prove that Mr. Ingersoll gave not only the defendants, Ernest and Alvena Brown, but the witness Bell, the impression, from his statements and conduct, that he would not insist upon said defendants' house being moved back to the set-back line provided for in defendants' deed, and this at a time when defendants' house was from 50% to 60% completed, when the mistake was first discovered.

It is apparent that said defendants and their builder acted in good faith.

Thereafter, without manifest objection upon the part of plaintiff, said defendants were permitted to complete their dwelling house on its then location, and to occupy the same; and not until several months after the occupancy of said house by defendants did plaintiff take any steps to compel them to comply with said restriction.

It is the general rule that "equity requires diligence in * * * the enforcement of building restrictions."

13 O. J., "Deeds," Sec. 175, page 996.

Estoppel is defined as "where one has, by conversation or conduct, induced another to take a certain course of action, either affirmative or negative, to his benefit or prejudice, said first party will not in good conscience and natural justice be permitted subsequently, by conversation or conduct, to declare the contrary. He is now stopped or prevented from doing the contrary to what he had theretofore done, upon which another party relied, and had good cause to rely, to his pecuniary benefit or prejudice."

16 O. J., "Estoppel," §35, page 587.

"4. * * * In order to constitute an estoppel, it is necessary that the representations made by conversation or conduct were relied upon resulting in a course of action which should not now in good conscience be disturbed."

Kelley, et al, v Hazzard, et al, 96 O. S. 19.

It is the conclusion of this court that plaintiff's conduct in the instant case manifested no such diligence in enforcing its building restrictions as equity requires; that by reason of such lack of diligence on the part of plaintiff, defendants were led into a course of conduct to their prejudice, and that plaintiff is now estopped to urge and enforcement of said restriction.

Accordingly, decree for defendants.

WASHBURN, PJ, and FUNK, J, concur in judgment.